IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
JUL 1 2 2006
U.S. DISTRICT COURT
ELKINS WV 26241

ANTHONY L. BUCKNER,

    Plaintiff,

vs.

CIVIL ACTION NO. 2:04 CV 75
(MAXWELL)

TYGART VALLEY CONSTRUCTION, INC.,

    Defendant.

## ORDER

By Order entered February 15, 2006, (*See* Docket No. 38), the Court referred the following Motions to United States Magistrate Judge John S. Kaull pursuant to 28 U.S.C. § 636(b)(1)(A) and (B); Rule 72(a) and (b) of the Federal Rules of Civil Procedure; and Rule 7.02(c) of the Local Rules of Civil Procedure:

1. Plaintiff, Anthony Buckner's, Motion For Summary Judgment (Docket No. 28);

2. Plaintiff's Motion *In Limine* To Exclude Any Evidence Or Arguments Relating To His Purported Misrepresentation During The Hiring Process (Docket No. 29);

3. Plaintiff's Motion *In Limine* To Exclude Evidence Or Arguments Contrary To Defendant's Admissions (Docket No. 30);

4. Plaintiff's Motion *In Limine* To Exclude Evidence Or Arguments Relating To Alleged Comments Made By Plaintiff (Docket No. 31);

5. Defendant's Motion To Dismiss (Docket No. 36).

A hearing with regard to the aforementioned Motions was conducted by Magistrate Judge Kaull on April 20, 2006, at which time Magistrate Judge Kaull heard oral argument from counsel for the parties. Thereafter, by Order entered April 28, 2006, Magistrate Judge Kaull provided counsel for the parties with an opportunity to brief additional issues, and, pursuant to said Order, the Defendant's Reply and Authorities To Issues Presented By Order Of The Court (Docket No. 44) and Plaintiff, Anthony Buckner's, Memorandum Of Law In Response To Order Entered April 28, 2006 (Docket No. 45) were both filed on May 12, 2006.

On May 22, 2006, Magistrate Judge Kaull entered an Amended Opinion/Report And Recommendation (See Docket No. 47) in the above-styled civil action, wherein he made the following recommendations:

1. The Plaintiff's oral motion seeking leave to amend his Complaint to assert a § 1981 claim be granted as follows:

    a) Within ten (10) calendar days of any order granting Plaintiff's oral motion seeking leave to amend his Complaint to assert a § 1981 claim, Plaintiff be required to file and serve the same on Defendant.

    b) Such Amended Complaint, once filed, be deemed by the Court's Order to supersede the original Title VII Complaint the Plaintiff filed to initiate the within civil action.

    c) Within twenty (20) calendar days of the date Plaintiff serves any such Amended or Superseding Complaint on Defendant's counsel of record, the Defendant be required to file its Answer or responsive pleading thereto.

d) Discovery be reopened with respect to the claims asserted in the Plaintiff's Amended or Superseding Complaint for a period not to exceed sixty (60) calendar days from the date of the filing thereof.

e) The Plaintiff be required to pay all costs of any additional discovery sought by the Defendant on the issue of retaliatory discharge should the same be asserted by the Plaintiff in his Amended or Superseding Complaint.

f) The District Court enter a new scheduling order setting dates certain for the following events post cut off of additional discovery:

   i) Dispositive motions and motions *in limine*;

   ii) Submission of proposed final pretrial order;

   iii) Submission of proposed list of trial exhibits;

   iv) Submission of proposed witness lists;

   v) Submission of proposed additions to the Court's jury charge;

   vi) Submission of proposed *voir dire*;

   vii) Final pre-trial conference; and

   viii) Trial commencement and jury selection date.

2. Defendant's Motion To Dismiss, filed January 13, 2006 (Docket No. 36), be denied, without prejudice, the same having been rendered moot by the Court's granting of the Plaintiff's oral motion to amend or supersede his original Complaint to assert a § 1981 claim.

3. The Plaintiff's Motions *In Limine*, filed January 3, 2006 (Docket Nos. 29, 30 and 31), be denied, without prejudice, the same having been rendered

pre-mature by the Court's granting of the Plaintiff's oral motion to amend or supersede his original Complaint to assert a § 1981 claim and by the re-opening of discovery.

4. Plaintiff's Motion For Summary Judgment, filed December 1, 2005 (Docket No. 28), be denied, without prejudice, the same having been rendered pre-mature by the Court's granting of the Plaintiff's oral motion to amend or supersede his original Complaint to assert a § 1981 claim and by the re-opening of discovery.

Magistrate Judge Kaull's Amended Opinion/Report and Recommendation expressly advised the parties, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections to said Amended Opinion/Report And Recommendation within ten (10) days after being served with a copy of the same.

The Court's review of the docket in the above-styled civil action reveals that no objections to Magistrate Judge Kaull's May 22, 2006, Amended Opinion/Report and Recommendation have been filed and that this matter is now ripe for review.

Upon consideration of said Amended Opinion/Report and Recommendation, and having received no written objections thereto[1], the Court accepts and approves the Amended Opinion/Report And Recommendation. Therefore, it is

**ORDERED** that the Amended Opinion/Report And Recommendation entered by United States Magistrate Judge John S. Kaull on May 22, 2006 (Docket No. 47), be,

---

[1] The failure of the parties to object to the Report And Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

4

and the same hereby is, **ACCEPTED** in whole. Accordingly, it is

**ORDERED** that the Plaintiff's oral motion seeking leave to amend his Complaint to assert a § 1981 claim be, and the same is hereby, **GRANTED**. In this regard, it is further

**ORDERED** that

(a) <u>**Within ten (10) calendar days from the date of entry of this Order**</u>, the <u>**Plaintiff shall file his Amended Complaint**</u> asserting a § 1981 claim and shall serve the same on the Defendant;

(b) Once the Plaintiff's Amended Complaint has been filed, it shall be deemed, pursuant to this Order, to supersede the original Title VII Complaint filed by the Plaintiff to initiate the above-styled civil action;

(c) <u>**Within twenty (20) calendar days from the date of service of the Plaintiff's Amended Complaint**</u>, the <u>**Defendant shall file its Answer or other responsive pleading**</u>.

(d) <u>**Discovery shall be reopened with regard to the claims asserted in the Plaintiff's Amended Complaint for a period of sixty (60) calendar days from the date of filing of said Amended Complaint**</u>;

(e) The Plaintiff shall pay all costs of any additional discovery sought by the Defendant with regard to the issue of retaliatory discharge, should such issue be asserted by the Plaintiff in his Amended

        Complaint;

(f)    Once the Plaintiff's Amended Complaint has been filed, the Court will, by separate Order, enter a new Scheduling Order establishing dates for the final pre-trial development of this civil action.

It is further

**ORDERED** that the **Defendant's Motion To Dismiss** (Docket No. 36) be, and the same is hereby, **DENIED**, without prejudice, as moot, in light of the entry of this Order granting the Plaintiff's oral motion to amend his original Complaint to assert a § 1981 claim. It is further

**ORDERED** that the **Plaintiff's Motion *In Limine* To Exclude Any Evidence Or Arguments Relating To His Purported Misrepresentation During The Hiring Process** (Docket No. 29) be, and the same is hereby, **DENIED**, without prejudice, as pre-mature, in light of the entry of this Order granting the Plaintiff's oral motion to amend his original Complaint to assert a § 1981 claim and re-opening discovery. It is further

**ORDERED** that the **Plaintiff's Motion *In Limine* To Exclude Evidence Or Arguments Contrary To Defendant's Admissions** (Docket No. 30) be, and the same is hereby, **DENIED**, without prejudice, as pre-mature, in light of the entry of this Order granting the Plaintiff's oral motion to amend his original Complaint to assert a § 1981 claim and re-opening discovery. It is further

**ORDERED** that the **Plaintiff's Motion *In Limine* To Exclude Evidence Or**

**Arguments Relating To Alleged Comments Made By Plaintiff** (Docket No. 31) be, and the same is hereby, **DENIED**, without prejudice, as pre-mature, in light of the entry of this Order granting the Plaintiff's oral motion to amend his original Complaint to assert a § 1981 claim and re-opening discovery. It is further

**ORDERED** that the **Plaintiff's Motion For Summary Judgment** (Docket No. 28) be, and the same is hereby, **DENIED**, without prejudice, as pre-mature, in light of the entry of this Order granting the Plaintiff's oral motion to amend his original complaint to assert a § 1981 claim and re-opening discovery.

The Clerk of Court is directed to transmit copies of this Order to counsel of record.

ENTER: July 12, 2006

*[signature]*
United States District Judge