IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
AUG 2 0 2007
U.S. DISTRICT COURT
ELKINS WV 26241

ANTHONY L. BUCKNER,

    Plaintiff,

vs.                             CIVIL ACTION NO. 2:04 CV 75
                                            (MAXWELL)

TYGART VALLEY CONSTRUCTION, INC.,

    Defendant.

## ORDER

By Orders entered January 10, 2007, and February 14, 2007, (*See* Docket Nos. 58 and 72), the Court referred the following Motions to United States Magistrate Judge John S. Kaull pursuant to 28 U.S.C. § 636(b)(1)(A) and (B); Rule 72(a) and (b) of the Federal Rules of Civil Procedure; and Rule 7.02(c) of the Local Rules of Civil Procedure:

1.     Plaintiff, Anthony Buckner's, Renewed Motion For Summary Judgment (Docket No. 56);

2.     Motion For Summary Judgment On Behalf Of Tygarts Valley Construction Inc. (Docket No. 57);

3.     Plaintiff's Motion *In Limine* To Exclude Any Evidence Or Arguments Relating To His Purported Misrepresentation During The Hiring Process (Docket No. 29);

4.     Plaintiff's Motion *In Limine* To Exclude Evidence Or Arguments Contrary To Defendant's Admissions (Docket No. 30); and

5.     Plaintiff's Motion *In Limine* To Exclude Evidence Or Arguments Relating To

Alleged Comments Made By Plaintiff (Docket No. 31).

A hearing with regard to the aforementioned Motions was conducted by Magistrate Judge Kaull on February 28, 2007, at which time Magistrate Judge Kaull heard oral argument from counsel for the parties.

On March 16, 2007, Magistrate Judge Kaull entered an Opinion/Report And Recommendation (See Docket No. 79) in the above-styled civil action, wherein he made the following recommendations:

1. Plaintiff, Anthony Buckner's, Renewed Motion For Summary Judgment (Docket No. 56) be denied as having been withdrawn by counsel for the Plaintiff during the February 28, 2007, oral argument;

2. Motion For Summary Judgment On Behalf Of Tygarts Valley Construction Inc. (Docket Nos. 57, 60 and 63) be granted;

3. Plaintiff's Renewed Motion In Limine To Exclude Any Evidence Or Arguments Relating To His Purported Misrepresentation During The Hiring Process (Docket Nos. 29 and 70) be denied as having been rendered moot by the recommended disposition of the retaliatory discharge claim and the § 1981 claim, or, in the alternative, in the event that the Court does not adopt the recommended disposition with regard to the retaliatory discharge claim and the § 1981 claim, be granted;

4. Plaintiff's Renewed Motion In Limine To Exclude Evidence Or Arguments Contrary To Defendant's Admissions (Docket Nos. 30 and 70) be denied as having been rendered moot by the recommended disposition of the retaliatory discharge claim and the § 1981 claim, or, in the alternative, in

the event that the Court does not adopt the recommended disposition with regard to the retaliatory discharge claim and the § 1981 claim, be denied; and

5. Plaintiff's Motion *In Limine* To Exclude Evidence Or Arguments Relating To Alleged Comments Made By Plaintiff (Docket Nos. 31 and 70) be denied as having been rendered moot by the recommended disposition of the retaliatory discharge claim and the § 1981 claim, or, in the alternative, in the event that the Court does not adopt the recommended disposition with regard to the retaliatory discharge claim and the § 1981 claim, be denied.

Magistrate Judge Kaull's Opinion/Report And Recommendation expressly advised the parties, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections to said Opinion/Report And Recommendation within ten (10) days after being served with a copy of the same.

The Plaintiff's Objections To Opinion/Report And Recommendation were filed on March 26, 2007 (*See* Docket No. 80).

In his first objection to Magistrate Judge Kaull's Opinion/Report And Recommendation, the Plaintiff objects to the fact that the Statement Of Facts section of said Opinion/Report And Recommendation does not include an enumeration of the eight facts that were deemed admitted pursuant to this Court's May 5, 2005, Order (Docket No. 12), by virtue of the Defendant's failure to respond to the Plaintiff's First Requests For Admissions. Although the eight facts deemed admitted pursuant to this Court's May 5, 2005, Order are not enumerated in the Statement Of Facts section of Magistrate Judge Kaull's Opinion/Report And Recommendation, they are set forth, verbatim, as part

3

of the Plaintiff's Contentions at pages 7 and 8 of said Opinion/Report And Recommendation. Additionally, each of the eight facts deemed admitted pursuant to this Court's May 5, 2005, Order are addressed, in detail, by Magistrate Judge Kaull in a section of his Opinion/Report And Recommendation entitled "Impact of Requests For Admission Deemed Admitted." In this section of his Opinion/Report And Recommendation, Magistrate Judge Kaull individually addresses each of the eight facts deemed admitted and explains what the admission of each of said facts actually proves. The Court believes that Magistrate Judge Kaull properly chose not to include the eight facts deemed admitted by virtue of this Court's May 5, 2005, Order in the Statement Of Facts section of his Opinion/Report And Recommendation and properly limited the scope and use of each of said admitted facts in that section of his Opinion/Report And Recommendation entitled "Impact of Requests For Admission Deemed Admitted." In this regard, the Court agrees with Magistrate Judge Kaull's assertion at page 13 of his Opinion/Report And Recommendation that "because '[i]ssues change as a case develops, and the relevance of discovery responses is related to their context in the litigation,' it may not be appropriate to accord conclusive effect to the admission, and the court has some discretion as to what scope and effect should be accorded to a party's admissions, particularly when those admissions, because of the requests, are subject to more than one interpretation. <u>Rolscreen Co. v. Pella Prods. of St. Louis, Inc.</u>, 64 F.3d 1202, 1210 (8th Cir. 1995) and <u>Johnson v. DeSoto County Bd. of Comm'rs</u>, 204 F.3d 1355, 1341 (11th Cir. 2000)."

In his second objection to the Opinion/Report And Recommendation entered by United States Magistrate Judge Kaull on March 16, 2007, the Plaintiff objects to the fact

that Magistrate Judge Kaull does not specify, in the Contention Of The Parties section of said Opinion/Report And Recommendation, that the Plaintiff contends that the Defendant is not entitled to summary judgment either with respect to the Plaintiff's Section 1981 claim or the Plaintiff's retaliation claim.  Although the Plaintiff is correct that the Magistrate Judge does not, in the Contention Of The Parties section of his Opinion/Report And Recommendation, set forth the Plaintiff's position with regard to the Defendant's entitlement to summary judgment with respect to the Plaintiff's Section 1981 claim and the Plaintiff's retaliation claim, a review of the Discussion section of the Opinion/Report And Recommendation clearly sets forth the Plaintiff's opposition to the Defendant's entitlement to summary judgment on either of the two claims.

In his third objection to the Opinion/Report And Recommendation, the Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be awarded to the Defendant with regard to the Plaintiff's Section 1981 claim.  In support of this objection, the Plaintiff points out that Magistrate Judge Kaull based this recommendation largely upon the third element of the Spriggs test, when the Defendant, in its Motion For Summary Judgment, attacked only the fourth element of the Spriggs test.  In this regard, the Plaintiff asserts that his case should not be dismissed on summary judgment on an element that was not properly challenged by the Defendant.

The Court has carefully reviewed the Memorandum In Support of Motion For Summary Judgment On Behalf Of Tygarts Valley Construction Inc., filed by the Defendant in support of its Motion For Summary Judgment (See Docket No. 61). While it is true that the Defendant does emphasize what it believes to be the Plaintiff's inability to prove the fourth element of the Spriggs test, it is not true, as the Plaintiff

asserts in his Objections, that "Defendant utterly failed to mention the third element of Spriggs in its Motion for Summary Judgment." In this regard, the Court would note that the following excerpt is taken from page 4 of the Memorandum In Support Of Motion For Summary Judgment On Behalf Of Tygarts Valley Construction Inc.:

> Plaintiff must also show that the harassment was sufficiently severe and pervasive to alter the conditions of employment and create an abusive atmosphere. Spriggs at 184. Regarding the racial comments asserted in his Complaint the Plaintiff testified that one comment, he believed, happened four days after his employment began. The rest he could not remember when they occurred. None were reported by the Plaintiff to any one (Pl dep. Pg 18-20, 31) Accordingly, the Plaintiff's claims of harassment under § 1981 fail as a matter of law.

It is clear to the Court that the Defendant is, in the foregoing excerpt from its Memorandum In Support Of Motion For Summary Judgment, asserting that the Plaintiff has failed to satisfy the third element of the Spriggs test. Irregardless, however, the Court does not believe that a failure by the Defendant to raise the third element of the Spriggs test would eliminate the requirement that said third element be satisfied in order for the Plaintiff's Section 1981 claim to be sustained.

Despite his assertion that the Magistrate Judge improperly relied on the third element of the Spriggs test to grant summary judgment to the Defendant with regard to his Section 1981 claim, the Plaintiff does, in his Objections, assert what he believes to be a "number of questions of fact regarding the third element of the Spriggs test, which are evident from a review of the record before the Court." The Court has carefully reviewed the Plaintiff's assertions in this regard, but believes that Magistrate Judge Kaull was correct in his ultimate conclusion that "the alleged racially motivated statements,

while subjectively significant to Buckner, objectively were not sufficiently severe or pervasive to alter the condition of his employment and did not create an abusive atmosphere in his employment." The Court does not believe, as the Plaintiff asserts in his Objections, that the evidence now before the Court is sufficient to allow a jury to find differently.

Fourth, and finally, the Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be awarded to the Defendant with regard to the Plaintiff's retaliatory discharge claim. In support of this objection, the Plaintiff asserts, first, that there is a question of fact as to whether the Defendant's offered explanation for the Plaintiff's layoff was a mere pretext . In this regard, the Plaintiff relies on the Defendant's admission that the Plaintiff was a good employee who performed his work to its satisfaction and the fact that, subsequent to the Defendant's layoff, the Defendant advertised in the Inter-Mountain employment positions like the one formerly occupied by the Plaintiff. The Plaintiff takes the position that, from this evidence, a reasonable jury could "easily infer that Defendant's offered explanation was a mere pretext." Secondly, the Plaintiff asserts that the Defendant failed to raise this issue in its Motion for Summary Judgment.

With regard to the Plaintiff's first argument, that there is a question of fact as to whether the Defendant's offered explanation for the Plaintiff's layoff was a mere pretext, the Court believes that the Magistrate Judge correctly concluded that the Plaintiff had failed to establish that the Defendant's reasons for his layoff were pretextual. In his analysis of the Plaintiff's assertions with regard to his retaliatory discharge claim, the Magistrate Judge addresses the following four facts relied upon by the Plaintiff to

establish that the Defendant's business reason for his layoff was pretextual:

1. Tygart laid off Buckner's ride in the first round of lay offs in order to get rid of Buckner;

2. Buckner's ride told him that he was being laid off to get rid of Buckner;

3. The foreman, Larry LNU, told Buckner on the last day of work, December 2, 2004, that Buckner would not be allowed back on the mountain;

4. And Weese had told Buckner at the beginning of his employment with Tygart that he would always have a job.

Analyzing the foregoing four facts relied upon by the Plaintiff, Magistrate Judge Kaull made the following determination:

> None of these facts individually or in conjunction with each other establishes that Tygart's proffered explanation for the November and December 2004 lay offs is false or unworthy of credence. To draw such a conclusion requires me to believe Tygart was willing to lay off approximately 1/4 of its work force, eleven (11) employees, only one of which was African American, in order to get rid of Buckner. There is simply no evidence to support such a finding and no rational trier of the facts could reach such a conclusion.

The Court agrees with the foregoing determination by the Magistrate Judge and does not believe that the addition of the two alleged facts raised by the Plaintiff in his Objections changes the outcome of the Magistrate's analysis. The Court agrees with the Magistrate Judge that there is simply insufficient evidence before the Court from which a jury could find that the Defendant's proffered explanation for the Plaintiff's layoff was pretextual.

Finally, the Court agrees with the Plaintiff that the Defendant's Memorandum In Support Of Motion For Summary Judgment fails to address any of the required

retaliatory discharge analysis beyond the *prima facie* case determination. Nevertheless, as the Court noted with regard to the Plaintiff's assertion that his case should not be dismissed on summary judgment on the basis of an element that was not properly challenged by the Defendant, the mere failure by the Defendant to address the issue of whether the Plaintiff has met his burden of establishing that the Defendant's reasons for laying the Plaintiff off were pretextual does not eliminate the requirement that the Plaintiff meet said burden in order to sustain his retaliatory discharge claim.

Upon an independent *de novo* consideration of all matters now before the Court, the Court is of the opinion that Magistrate Judge Kaull's March 16, 2007, Opinion/Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this civil action. Accordingly, it is

**ORDERED** that the Opinion/Report And Recommendation entered by United States Magistrate Judge John S. Kaull on March 16, 2007 (Docket No. 79), be, and the same hereby is, **ACCEPTED** in whole. Consistent therewith, it is

**ORDERED** that Plaintiff, Anthony Buckner's, Renewed Motion For Summary Judgment (Docket No. 56) be, and the same is hereby, **DENIED** as having been withdrawn by counsel for the Plaintiff during the February 28, 2007, oral argument. It is further

**ORDERED** that the Motion For Summary Judgment On Behalf Of Tygarts Valley Construction Inc. (Docket Nos. 57, 60 and 63) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Plaintiff's Renewed Motion *In Limine* To Exclude Any Evidence Or Arguments Relating To His Purported Misrepresentation During The Hiring

9

Process (Docket Nos. 29 and 70) be, and the same is hereby, **DENIED as moot**. It is further

**ORDERED** that the Plaintiff's Renewed Motion *In Limine* To Exclude Evidence Or Arguments Contrary To Defendant's Admissions (Docket Nos. 30 and 70) be, and the same is hereby, **DENIED as moot**. It is further

**ORDERED** that the Plaintiff's Renewed Motion *In Limine* To Exclude Evidence Or Arguments Relating To Alleged Comments Made By Plaintiff (Docket Nos. 31 and 70) be, and the same is hereby, **DENIED as moot**. It is further

**ORDERED** that the above-styled civil action is **DISMISSED** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to transmit copies of this Order to counsel of record.

ENTER: August 30th, 2007

United States District Judge